## Case No. 18,062.

### WREN v. SPENCER OPTICAL MANUF'G CO. et al.

[5 Ban. & A. 61; [1] 18 O. G. 857.]

Circuit Court, S. D. New York.     Dec., 1879.

EQUITY PRACTICE—ANSWER AS EVIDENCE—REPLICATION—NEW MATTER.

1. According to English equity practice, as adopted in the U. S. circuit courts, an answer is evidence in favor of the defendants, so far as it is responsive to the bill.

2. An answer is not evidence of special facts, alleged in it as a defence, not responsive to the allegations of the bill.

3. Where such an answer had been replied to and new matter inserted in the replication, to meet such special defence in the answer, held, that such new matter might be treated as surplusage, and that the replication was not thereby rendered void, as contravening the 45th rule of the supreme court, but that the excess might be treated as surplusage merely, leaving the regular part of the replication standing as a traverse.

[This was a bill in equity by William C. Wren against the Spencer Optical Manufacturing Company and others for the in-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted from 29 Leg. Int. 284, by permission.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

fringement of letters patent No. 36,065, granted to W. P. Battey, August 5, 1862.]

B. E. Valentine, for complainant.

Blatchford, Seward, Griswold & Da Casta and Steele & Boyd, for defendants.

WHEELER, District Judge. This cause has been heard upon bill, answer, replication, proofs and argument. According to English equity practice, as adopted here, the answer was evidence in favor of the defendants so far as it was responsive to the bill. By the forty-first rule, as amended in 1871, it was provided that, if an answer under oath should be waived in the bill or an answer under oath to certain specified interrogatories only should be required, the answer, though under oath, should not be evidence in favor of the defendants, except such parts as should be directly responsive to the interrogatories.

This bill charges the defendants with infringement of certain patents of the orator, and requires an answer on oath to specific interrogatories in regard to doing the acts constituting infringement. The defendants in answer admit the acts, and set up that the orator before procuring this patent assumed to and did sell to the grantor of the defendants other patents, standing in the name of another person, covering the same invention. The answer is traversed in the usual form, and then new matter is added to meet the special defence in the answer. The proofs and the answers to the interrogatories make out a prima facie case of infringement.

The evidence on the part of the defendants shows the existence of the other patents, but does not show that the orator sold or undertook to sell them. It is argued by the defendants that the replication, being special, is contrary to the forty-fifth rule and irregular and void, so that the case in effect stands for hearing as upon bill and answer only. But the excess may be treated as surplusage merely, leaving the regular part of the replication standing as a traverse. Duponti v. Mussy [Case No. 4,185]. Then, under the rules which are adopted pursuant to statute, and are binding upon this court as statutes, the answer is not evidence of the special facts alleged in it not responsive to the interrogatories, and there is no evidence of the essential fact of the defence set up—viz., the assuming by the orator to sell, which would include a warranty that he had a right to sell, not only a right, but an exclusive right, to the inventions, which would probably estop him from afterward claiming that he had not such rights or draw after it in favor of his grantee his after-acquired rights. So this defence, however meritorious it might be, if it existed, must fail for want of proof.

Let there be a decree for the orator, according to the prayer of the bill, with costs.